IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENICE SUTKAYTIS-SALKA, | ) | CASE NO. 1:10-CV-2366 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| | ) | |
| COMMISSIONER OF | ) | **MEMORANDUM OPINION & ORDER** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 13). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Genice Sutkaytis-Salka's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court VACATES the decision of the Commissioner and REMANDS the case back to the Social Security Administration.

I. INTRODUCTION & PROCEDURAL HISTORY

In November 2004, Genice Sutkaytis-Salka ("Plaintiff") filed an application for Supplemental Security Income benefits. (Tr. 59-61). Plaintiff alleged that she became disabled on June 1, 1997, due to suffering from problems with her legs. (Tr. 59, 88). Plaintiff's application was denied initially and upon reconsideration. (Tr. 44-46, 48-40). Subsequently, Plaintiff requested a hearing by an administrative law judge to contest the denial of her application. (Tr. 37). Accordingly, on February 29, 2008, the administration notified Plaintiff that her request was approved. (Tr. 35-36).

On March 21, 2008, Administrative Law Judge Dennis R. Greene (the "ALJ" or "ALJ Greene") convened a hearing via video to consider Plaintiff's application for benefits. (Tr. 844-89). ALJ Greene presided over the proceedings from Oak Brook, Illinois, and Plaintiff and her counsel appeared in Cleveland, Ohio. (Tr. 15). Vocational expert, Ted Macy (the "VE"), and medical expert, Dr. Hershel Goren (the "ME"), also appeared the hearing. (Tr. 865-89). The ALJ heard testimony from Plaintiff, the VE and the ME. (Tr. 844-89).

On April 25, 2008, ALJ Greene issued his unfavorable ruling concluding that Plaintiff was not disabled under the Social Security regulations. (Tr. 15-22). In the decision, ALJ Greene applied the five-step sequential analysis,[1] and determined that Plaintiff retained the ability to perform jobs which existed in significant numbers in the national economy. (*Id*.) Plaintiff

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

sought review of the ALJ's decision from the Appeals Council, but it denied her request, thereby making ALJ Greene's decision the final decision of the Commissioner. (Tr. 10, 4-6). Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 1383(c).

Plaintiff, born on July 13, 1960, was forty-seven years old on the date of the hearing. (Tr. 848). Thus, she is considered a "younger person" for Social Security purposes. *See* 20 C.F.R. § 416.963(c). Plaintiff graduated from high school, completed two years of college and obtained certification to become a nurse's aide. (Tr. 849). Plaintiff has past experience working as a receptionist, nurse's aide, banquet waitress, and as a bartender. (Tr. 851-53).

## II. MEDICAL EVIDENCE[2]

In July 1997, Plaintiff was involved in a motor vehicle accident which caused her to suffer a fibular fracture as well as a distal left tibia fracture. (Tr. 268, 278). Since the time of the accident, Plaintiff has continued to experience pain in her left ankle and has undergone two surgeries on this area. (Tr. 19). She now wears a walking boot which helps her to ambulate. There are three key medical opinions which form the basis of Plaintiff's challenge to ALJ's Greene's evaluation of the medical opinion evidence. Two opinions come from Plaintiff's treating physicians, Dr. Michael Harris and Dr. Dean.[3] The final opinion is that of the ME who testified at the hearing.

On November 15, 2006, Dr. Michael Harris evaluated Plaintiff's functional capacity in consideration of her ankle problems. (Tr. 700-03). Dr. Harris indicated that Plaintiff was limited

---

[2] The Court's recitation of this evidence is not intended to reflect a complete picture of Plaintiff's medical file; instead, it is limited to a discussion of the evidence material to Plaintiff's appeal and the Court's ruling. Plaintiff did not object to the ALJ's treatment of her mental impairments and therefore, evidence related to this issue is not relevant to the Court's decision today.

[3] Dr. Dean's first name was not stated within the record or identified by the parties.

to one hour of standing or walking during a typical eight-hour workday, and specifically, only 10-15 minutes without interruption. (Tr. 703). He also restricted Plaintiff to no more than two to three hours of sitting in an eight-hour period, with the exception that Plaintiff sit no more than 20-30 minutes at a time uninterrupted. (*Id.*) Additionally, Dr. Harris indicated that Plaintiff could only lift and/or carry a total of five pounds. (*Id.*) Regarding her ability to complete basic work functions, Dr. Harris commented that Plaintiff was "markedly limited" in pushing, pulling and repetitive foot movements; "moderately limited" in bending; "not significantly limited" in reaching and handling; and had no limitation in her ability to see, hear or speak. (*Id.*) The doctor noted these restrictions would last for a period of twelve months or longer and deemed Plaintiff as unemployable. (*Id.*)

In November 2008, Dr. Dean completed a basic medical assessment form regarding Plaintiff's ability to work. (Tr. 757-58). The doctor indicated that in a normal workday, Plaintiff could not stand or walk for more than 30 minutes, in 15 minute intervals. (Tr. 758). Dr. Dean also restricted Plaintiff's ability to sit to a maximum of two to three hours, which could only be performed in half hour increments. (*Id.*) With regard to lifting and/or carrying objects, Plaintiff was precluded from carrying more than five pounds frequently or six to ten pounds occasionally. (*Id.*) Additionally, Dr. Dean rated Plaintiff as "moderately limited" in her abilities to push, pull, bend and reach; "extremely limited" in the ability to perform repetitive foot movements; and "not significantly limited" in the areas of handling, seeing, hearing and speaking. (*Id.*) Dr. Dean also remarked that Plaintiff was "unemployable" and that her limitations would persist for a period exceeding twelve months. (*Id.*)

During the hearing, the ME testified that he disagreed with Dr. Harris's and Dr. Dean's findings. (Tr. 867). According to the ME's review, he concluded that there was nothing in the

record regarding Plaintiff's ankle fracture that would support the limitations the doctors placed on Plaintiff's ability to use hand controls or to complete bending at the waist. (*Id*.) Instead, the ME stated that both doctors provided conclusory statements which the ME decided to disregard. (*Id*.) However, on cross-examination by Plaintiff's counsel, the ME admitted that had the doctors limited their opinions to restrictions solely related to Plaintiff's ankle, he would have looked upon their opinions more favorably. (Tr. 875-76). But, because the doctors opined about limitations on things such as Plaintiff's hands, he believed that the doctors "just filled out the form[s] to fill out the form[s]." (Tr. 875). Consequently, the ME testified that Plaintiff retained the residual functional capacity ("RFC") to "lift or carry 20 pounds occasionally or 10 pounds frequently; [and] stand or walk two hours per day;" he also restricted Plaintiff from using left foot controls, working around ladders, ropes, or scaffolds; and more than occasional use of ramps or stairs. (Tr. 867). The ME placed no restrictions on Plaintiff's ability to sit.[4] (*Id*.)

---

[4] In addition to these three opinions, state agency physician, Walter Holbrook, and another of Plaintiff's treating physicians, Dr. Meredith Konya, also assessed Plaintiff's RFC. (Tr. 477-84, 842-43). Dr. Holbrook completed his assessment in April 2005, and opined that Plaintiff retained the ability to lift 20 pounds occasionally and 10 pounds frequently. (Tr. 478). He indicated that she could stand and/or walk for at least two hours a day and sit for about six hours a day. (*Id*.) Interestingly, Dr. Holbrook also found that Plaintiff had a limited ability to push and/or pull in her upper extremities. (*Id*.) However, he found no manipulative, visual, communicative or environmental limitations. (Tr. 480-81).

The ALJ did not cite or refer to Dr. Holbrook's assessment in his decision. Moreover, Dr. Holbrook did not have the opportunity to review Dr. Dean's or Dr. Harris's findings prior to rendering his opinion because their evaluations were not completed until over a year after Dr. Holbrook offered his opinion. Furthermore, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (*citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)). Accordingly, Dr. Holbrook's opinion does not provide substantial support for the ALJ's decision.

III. ALJ GREENE'S RULING

Following the completion of the administrative hearing, ALJ Greene ruled that Plaintiff was not disabled. (Tr. 15-22). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 17, 2004, the date Plaintiff applied for benefits. (Tr. 17). At step two, ALJ Greene held that Plaintiff suffered from the following severe impairments: "status post fracture of tibia/fibula, low back pain and alcohol abuse in remission". (*Id*.) Next, at step three, ALJ Greene determined that none of Plaintiff's severe impairments met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-18). Before moving to step four, the ALJ assessed Plaintiff's RFC for work, and found that Plaintiff could perform "light work" with certain restrictions.[5] (Tr. 18-20). Specifically, ALJ Greene precluded Plaintiff from work which involved using left foot controls, ladders or scaffolds, ramp or stair climbing, unprotected heights, or more than superficial contact with others. (Tr. 18). Consequently, at step four, the ALJ held that Plaintiff could not return to her past work as a bartender or waitress because such jobs required substantial contact with others. (Tr. 20). Notwithstanding this conclusion, the ALJ found that Plaintiff's RFC allowed her to perform other jobs which existed in significant numbers in the national economy. (Tr. 20-22).

---

Dr. Konya evaluated Plaintiff's RFC in April 2009. (Tr. 843). Dr. Konya limited Plaintiff's ability to stand or walk to two hours (in half hour increments) and sitting for a maximum of four hours (in half hour increments). (*Id*.) She further opined that Plaintiff could lift up to five pounds frequently and six to ten pounds occasionally. (*Id*). Dr. Konya rated Plaintiff as "extremely limited" in her ability to perform repetitive foot movements; "not significantly limited" in pushing, pulling, reaching and handling; and as having no limitation in seeing, hearing and speaking. (*Id*.) Because Dr. Konya's opinions post-date the ALJ's ruling, they were not a part of the record before the ALJ. Therefore, the Court may not consider her opinions in its review of ALJ Greene's decision. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

[5] "Light work" is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

## IV.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

## V.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)*.*  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*.  Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)*.*  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  *See Garner*, 745 F.2d at 387*.*  However, it may examine all the evidence

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## VI. ANALYSIS

Plaintiff attacks ALJ Greene's decision on four grounds. First, Plaintiff alleges that the ALJ failed to give appropriate weight to the opinions of her treating physicians. Next, she argues that ALJ Greene did not properly evaluate her claims of disabling pain. Third, Plaintiff challenges the ALJ's exclusion of her degenerative disc disease as a severe impairment at step two of the sequential analysis. Finally, Plaintiff submits that the ALJ's evaluation of her credibility was flawed.

### 1. Treating Physicians

Pursuant to the Social Security regulations, an ALJ must give special attention to opinions from a claimant's treating sources. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This doctrine, known as the "treating source rule" recognizes that physicians who have a long-standing treating relationship with an individual are best equipped to provide a complete picture of the individual's health and treatment history. *Id.*; 20 C.F.R. § 416.927(d)(2). Accordingly, opinions from such physicians are entitled to controlling weight if the opinion is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other substantial evidence in the case record." *Wilson*, 378 F.3d at 544.

Even when a treating source's opinion is not entitled to controlling weight, the regulations mandate that the ALJ consider certain other factors in determining how much weight to assign to the opinion. *Id*. These factors include: the length of the treatment relationship, the

8

nature and extent of the treatment, how well the physician's opinions are supported by other medical evidence, the extent to which the physician's opinions are consistent with the record as a whole, whether the physician is an expert in the particular field of practice for which the claimant is being treated, and any other factors that may support or contradict the opinion. 20 C.F.R § 416.927(d)(2)-(6).

The regulations also require the ALJ to provide "good reasons" for the weight ultimately given to a treating source's opinion. *Id.* at (d)(2). The Sixth Circuit explained that the "good reasons" requirement serves a two-fold purpose. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). First, "the explanation 'lets claimants understand the disposition of their cases,' particularly where a claimant knows that h[er] physician has deemed h[er] disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Id.* (*quoting Wilson, 378 F.3d at 544*). Second, "the explanation 'ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule.'" *Id.* Accordingly, while a treating physician's opinion may not be entitled to controlling weight, either because it is inconsistent with other evidence or is not well-supported, the ALJ may not wholly reject the opinion on this basis, but instead must evaluate the opinion according to the criteria set forth in 20 C.F.R § 416.927(d) and supply good reasons for the weight given to the opinion. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) ("[W]hile it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set for the in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason[s]' rule."). Remand is appropriate when an ALJ fails to provide adequate reasons explaining the weight attributed to the

treating source's opinion even when "substantial evidence otherwise supports the decision of the Commissioner." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 860 (6th Cir. 2011) (*quoting Wilson*, 378 F.3d at 543-46).

In his written opinion, ALJ Greene stated that he did not assign *any* weight to the opinions of Dr. Harris or Dr. Dean. (Tr. 20). In explaining this decision, ALJ Greene pointed to the ME's testimony indicating that Plaintiff's ankle fracture would not affect her ability to perform other tasks such as sitting, handling or bending. (*Id.*) Therefore, the ALJ concluded that there was no medical evidence to support either doctor's opinions and as a result their findings were not entitled to any deference. (*Id.*)

The undersigned finds that ALJ Greene's stated reasons for rejecting the opinions of Dr. Harris and Dr. Dean did not comport with the "good reasons" requirement of the treating source rule. The ALJ's entire analysis of the weight attributed to the doctors' opinions consisted of two sentences which did nothing more than summarily conclude that the opinions were not supported by the record. But, as noted above, the question of whether the treating source's opinion is supported by the record, is only part of the threshold inquiry to determine whether the physician's opinion is entitled to *controlling* weight. *Wilson*, 378 F.3d at 544. Without more, it will not usually answer the question of whether the opinion is nonetheless entitled to some degree of deference. *See Friend*, 375 F. App'x at 551. Furthermore, this is not a case where the doctors' opinions were so patently deficient that the ALJ could not have possibly credited them. *See Wilson*, 378 F.3d at 547. To the contrary, both the ALJ and the Commissioner conceded that Plaintiff had a long history of ankle problems, including the need to undergo a third surgery, (Tr. 18; Def.'s Br. at 2-4), and the record is replete with medical evidence illustrating Plaintiff's lengthy treatment for ankle related problems. Neither is this a case where the ALJ or the

Commissioner contested Dr. Dean's or Dr. Harris's status as Plaintiff's treating physician, thereby negating the application of the treating physician rule to their opinions. Though the ALJ was not bound by either doctor's conclusory statement that Plaintiff was "unemployable", the ALJ maintained a duty to provide good reasons for his complete rejection of their opinions. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988); 20 C.F.R. § 416.927(e)(1). Unfortunately, there is no suggestion that ALJ Greene proceeded to evaluate either doctor's opinion under any of the factors enumerated in 20 C.F.R. § 416.927(d)(2)-(6) after finding that their opinions were not supported by the record. This failure constituted reversible error and necessitates remand. *See Rogers*, 486 F.3d at 243 ("[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence….").

2. Plaintiff's Credibility & Complaints of Disabling Pain

Plaintiff's objection to the ALJ's credibility finding also has merit. ALJ Greene stated that he found Plaintiff's testimony to be incredible to the extent that her statements were inconsistent with his RFC assessment. (Tr. 19). While the ALJ is tasked with the responsibility of evaluating the credibility of witnesses, the adjudicator is "not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Id.* at 247. Although ALJ Greene discussed the various findings from the physician's involved in Plaintiff's case, he never adequately explained why he discredited Plaintiff. *See* (Tr. 19-20). Social Security Ruling 96-7p requires the ALJ to ensure that his credibility finding is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and *the reasons for that weight*." *Id.* at 248 (emphasis added); SSR 96-7p.

11

This circuit follows a two-step process in the evaluation of a claimant's subjective complaints of disabling pain. 20 C.F.R. § 416.929(a); *Rogers*, 486 F.3d at 247; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853-54 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). First, the ALJ must determine whether the claimant has an underlying medically determinable impairment which could reasonably be expected to produce the claimant's symptoms. *Rogers*, 486 F.3d at 247. Second, if such an impairment exists, the ALJ must evaluate the intensity, persistence and limiting effects of the symptoms on the claimant's ability to work according to the factors listed in Social Security Ruling 96-7p.[6] *Id*. Though ALJ Greene cited to this ruling in his decision, the Court is not satisfied that the ALJ adequately applied the analysis contained within the ruling, as his decision leaves the Court guessing as to why the ALJ found Plaintiff's testimony regarding the severity of her pain to be incredible. Therefore, on remand, the ALJ should re-evaluate Plaintiff's credibility and expressly indicate his reasons for discrediting Plaintiff's complaints of disabling pain.

### 3. Severe Impairment

Because the Court finds that remand is warranted on other grounds it is not necessary to thoroughly evaluate Plaintiff's objection to the ALJ's finding at step two of the sequential analysis regarding Plaintiff's severe impairments. Despite Plaintiff's challenge to the ALJ's omission of her degenerative disc disease as a severe impairment at step two, case law on this issue shows that this error rarely justifies remand. *See Maziarz v. Sec'y of Health & Human*

---

[6] These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the claimant's symptoms; any precipitating or aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate the symptoms; treatment, other than medication, the claimant receives to relieve the pain; measures used by the claimant to relieve the symptoms; and statements from the claimant and the claimant's treating and examining physicians. *Rogers*, 486 F.3d at 247; *see Felisky*, 35 F.3d at 1039-40; *see also* SSR 96-7p.

*Servs.*, 837 F.2d 240, 244 (6th Cir. 2009) (holding that an error at step two will not constitute reversible error so long as the ALJ finds that the claimant suffers from at least one severe impairment and continues to evaluate both the claimant's severe and non-severe impairments at the remaining steps of the sequential analysis); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error.'") (*citing Maziarz*, 837 F.2d at 244). Nevertheless, from the Court's review of the ALJ's opinion, it is not apparent whether the ALJ considered Plaintiff's degenerative disc disease at all. Accordingly, on remand, the ALJ should consider whether this impairment constitutes as severe, and what impact, if any, it had on Plaintiff's ability to work.

## VII.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly, the Court VACATES the decision of the Commissioner and REMANDS the case to the Social Security Administration.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  January 17, 2012.